IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | § § § § | |
| Plaintiff, | § § | |
| v. | § § § | Civil Action No. A08CA 245LY |
| WINSLOW'S RESTAURANT L.L.C., | § § § | COMPLAINT JURY TRIAL DEMAND |
| Defendant. | § § | |

FILED 2008 MAR 31 AM 10: 16 CLERK WESTERN DISTRICT COURT DISTRICT OF TEXAS BY DEPUTY

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended, and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of both sex, female, and retaliation and to provide appropriate relief to Melanie Brown, Sheri Walls, and a class of similarly situated females who were adversely affected by such practices. More specifically, the Equal Employment Opportunity Commission ("Commission") alleges that the general manager of Winslow's Restaurant, L.L.C. sexually harassed Melanie Brown, Sheri Walls, and a class of similarly situated females by subjecting them to, among other things, repeated unwelcome sexual touching as well as numerous sexual comments and innuendo in violation of Section 703(a) of Title VII. The Commission alleges that Melanie Brown and Sheri Walls were subjected to retaliation in violation of Section 704(a) of Title VII for reporting the sexual harassing conduct of the general manager. Finally, the Commission alleges that Melanie Brown and Sheri Walls were constructively discharged, ie., forced to quit their employment, because their conditions of employment became intolerable due to the sexual harassment and/or the retaliation for reporting the sexual harassment.

*Plaintiff Original Complaint*                                                                                                   Page 1

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706 (f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the Western District of Texas, Austin Division.

## PARTIES

3. Plaintiff, the Commission, is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. §2000e-5(f)(1) and (3).

4. At all relevant times, Defendant, Winslow's Restaurant L.L.C. (the "Employer") has continuously been a Texas limited liability company doing business in the state of Texas and the City of Fredericksburg, and has continuously had at least 15 employees.

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Melanie Brown and Sheri Walls filed charges with the Commission alleging violations of Title VII by Defendant Employer. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least April 2006, Defendant Employer has engaged in unlawful

employment practices at its Fredericksburg, Texas restaurant, by:

(a) Subjecting Melanie Brown, Sheri Walls and a class of similarly situated females to a hostile work environment based on sex in violation of Section 703 (a) of Title VII, 42 U.S.C. §2000e-2;

(b) Subjecting Melanie Brown and Sheri Walls to retaliation in violation of Section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a) for opposing and complaining about the sexual harassment; and

(c) Constructively discharging Melanie Brown and Sheri Walls in that Melanie Brown and Sheri Walls felt forced to quit their employment because their conditions of employment became so intolerable due to the sexual harassment and/or the retaliation for reporting the harassment.

8. The effect of the practices complained of in paragraph seven above has been to deprive Melanie Brown, Sheri Walls, and a class of similarly situated females of equal employment opportunities and to otherwise adversely affect their status as employees because of their sex, female, and because the sexual harassment was reported.

9. The unlawful employment practices complained of in paragraph seven above were intentional.

10. The unlawful employment practices complained of in paragraph seven above were done with malice or with reckless indifference to the federally protected rights of Melanie Brown, Sheri Walls, and a class of similarly situated females.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Employer, its officers,

successors, assigns, and all persons in active concert or participation with it, from engaging in sexual harassment, including sexual harassment culminating in a constructive discharge, and any other employment practice which discriminates on the basis of sex, female;

B.   Grant a permanent injunction enjoining Defendant Employer, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any form of retaliation, including retaliation culminating in a constructive discharge, for conduct protected by Title VII;

C.   Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for women and individuals who participate in Title VII protected activity, and which eradicate the effects of its past and present unlawful employment practices;

D.   Order Defendant Employer to make whole Melanie Brown and Sheri Walls, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement of Melanie Brown and Sheri Walls or front pay in lieu thereof;

E.   Order Defendant Employer to make whole Melanie Brown, Sheri Walls, and a class of similarly situated females, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph seven above, including but not limited to, relocation expenses, job search expenses, and medical expenses, in amounts to be determined at trial;

F.   Order Defendant Employer to make whole Melanie Brown, Sheri Walls, and a class of similarly situated females by providing compensation for past and future nonpecuniary

losses resulting from the unlawful employment practices complained of in paragraph seven above, including, but not limited to, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, depression, humiliation, loss of confidence and self-esteem, in amounts to determined at trial;

G.   Order Defendant Employer to pay Melanie Brown, Sheri Walls, and a class of similarly situated females punitive damages for its malicious and/or reckless conduct described in paragraph seven above, in amounts to be determined at trial;

H.   Grant such further relief as the Court deems necessary and proper in the public interest; and

I.   Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

RONALD S. COOPER
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

ROBERT A. CANINO
Regional Attorney
Oklahoma State Bar No. 011782

_____
JUDITH G. TAYLOR
Supervisory Trial Attorney
Texas State Bar No. 19708300
E-mail: judith.taylor@eeoc.gov

_____
EDWARD JUAREZ
Trial Attorney
Texas Bar No. 24014498
E-mail: eduardo.juarez@eeoc.gov

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
San Antonio Field Office
5410 Fredericksburg Rd., Suite 200
San Antonio, Texas 78229-3555
Telephone: (210) 281-7613
Facsimile: (210) 281-7669

**ATTORNEYS FOR PLAINTIFF**